IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
LAWRENCE WILLIAMS, JR.,     )
et al.,                     )
                            )
    Plaintiffs,             )
                            )
    v.                      )   CIVIL ACTION NO.
                            )   1:05mc3258-MHT
ANGELINE LIZARRAGO, et al., )      (WO)
                            )
    Defendants.             )
```

OPINION AND ORDER

By final judgment entered July 12, 2004, in the Superior Court of the State of California, Alameda County, plaintiffs Lawrence Williams, Jr. and Gwendolyn Williams are to have and recover from defendants Angeline Lizarrago and George Hogan the aggregate sum of $ 5,051.00 plus interest. That judgment was certified for registration in this district, the Middle District of Alabama, on July 18, 2005 (Doc. No. 1). On May 3, 2006, a writ of garnishment (Doc. No. 3) was issued against garnishee Regions Bank claiming that the defendants are indebted to the plaintiffs for $ 9,042.02, plus interest.

On May 16, 2006, Regions Bank filed an answer (Doc. No. 5) indicating that it had in its possession $ 240.32 belonging to defendant George Hogan.

This court entered an order on May 22, 2006, directing Hogan to show cause as to why judgment should not be entered against Regions Bank and the money paid into the registry of the court.  On May 31, 2006, Hogan, who is proceeding pro se, filed an answer, in which he asserted that the money held in the Regions Bank account was derived from veterans, veterans disability, and social security disability benefits and that he needed the money to support his basic needs in life.

Rule 69 of the Federal Rules of Civil Procedure provides that federal procedure for execution of judgments is governed by the practice and procedure of the State in which the federal district court sits. Rule 69(d) of the Alabama Rules of Civil Procedure provides that, upon receiving notice of a writ of execution, a judgment debtor may file a claim of exemption, and

disposition of the property must be stayed unless the judgment creditor successfully contests the claim. To contest the claim of exemption, the creditor has ten days to file an affidavit specifying the creditor's basis for believing that the claim to exemption is invalid, in whole or in part. 1975 Ala. Code §§ 6-10-25 and 6-10-26. If the affidavit is timely filed, the court must hold a hearing to determine if the claimed exemption is valid or if the money is subject to garnishment, Ala. R. Civ. P. 69(e); if the creditor does not dispute the claim of exemption, the property is returned to the debtor, Ala. R. Civ. P. 69(f).

The court construes Hogan's show-cause response as an attempt to file a claim of exemption because it implicates several possible exemptions from garnishment, see 42 U.S.C. § 407 (noting that social security benefits are generally not subject to levy); 38 U.S.C. § 5301 (noting that veterans benefits are generally not subject to levy); Ala. Const., Art. X, § 204 (exempting $ 1,000

of personal property from creditors); 1975 Ala. Code § 6-10-5 (exempting $ 3,000 in personal property from levy or sale).  However, a claim of exemption <u>must be notarized</u>, Ala. R. Civ. P. 69(d), and Hogan's answer <u>is not</u>.  Nonetheless, the court deems it appropriate to give this pro se defendant Hogan sufficient time to remedy this oversight.

Accordingly, it is ORDERED as follows:

(1) Defendant George Hogan has until June 23, 2006, to file with this court a notarized copy of his claim of exemption.  If defendant Hogan does not file a valid claim of exemption by that day, judgment will be entered against garnishee Regions Bank requiring it to pay into the registry of the United States District Court, Montgomery, Alabama, sufficient sums, as prescribed in the writ of garnishment, from money in its possession belonging to defendant Hogan.

(2) If defendant Hogan files a notarized claim of exemption within the time allowed, plaintiffs Lawrence

4

Williams, Jr. and Gwendolyn Williams will have until July 7, 2006, to contest it.

DONE, this the 9th day of June, 2006.

　　　　　　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE